**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SABATO P. FIANO and PELLEGRINO FIANO | : | |
| Plaintiffs, | : | DOCKET NO.: |
| vs. | : | ECF CASE |
| | : | ELECTRONICALLY FILED |
| AMERICAN NATIONAL RECOVERY GROUP, INC. | : | |
| Defendant. | : | |

## COMPLAINT— CLASS ACTION

**JURY TRIAL DEMANDED**

SABATO P. FIANO and PELLEGRINO FIANO, as individuals and on behalf of all others similarly situated, by and through the undersigned counsel, complain, state and allege against the Defendant, AMERICAN NATIONAL RECOVERY GROUP, INC., (hereinafter referred to as "Defendant"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. At all relevant times, Defendant conducted business within the State of Connecticut.

## PARTIES

5. The Plaintiff Sabato Fiano is an individual who is a citizen and resident of the State of Connecticut.

6. The Plaintiff Sabato Fiano is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. The Plaintiff Pellegrino Fiano is an individual who is a citizen and resident of the State of Connecticut.

8. The Plaintiff Pellegrino Fiano is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant's principal place of business is located in Matamoras, Pennsylvania.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers who reside in the State of Connecticut.

11. Defendant is an entity which uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12. On or about October 5, 2017, Defendant mailed a letter dated October 5, 2017 to the home address of Plaintiff Sabato Fiano (hereinafter "the initial letter"). Plaintiff Sabato Fiano received the initial letter on October 10, 2017.

13. The initial letter was directed to a non-existent debtor, "SABATO P OR FIANO."

14. The initial letter concerned an alleged debt that was primarily for personal, family or household purposes and was therefore a "debt" as defined by 15 U.S.C. § 1692a(5). Specifically, the letter listed as the "Client" the "Town of Fairfield Personal Property Tax." Said tax was related to a "2003 CHEV AVALANC."

15. The initial letter was the initial communication by the Defendant to Plaintiff Sabato Fiano concerning the alleged debt.  Notwithstanding, the initial letter failed to set forth certain notices required by 15 U.S.C. § 1692g concerning the validation of debts by a debt collector.  Specifically, the initial letter failed to set forth (i.) a statement that unless the consumer, within thirty days after receipt of the letter, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (ii.) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (ii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
16. Instead, the initial letter demanded payment from the debtor within twenty (20) days.
17. At the time of the initial letter on or about October 5, 2017, the Plaintiff Sabato Fiano had not owned or registered a 2003 Chevy Avalanche since 2008.  Notwithstanding, the initial letter, without providing any notices related to disputing or requesting verification of the debt, threatened "it may become difficult for you to obtain credit with our client, impacting your future ability to pay taxes after the assessment date, register a vehicle, and/or obtain credit for other items from our client" if the debt was not paid in full.
18. The Plaintiff Sabato Fiano did not receive any communication from the Defendant setting forth the notices required by 15 U.S.C. 1692g until receiving a letter dated January 11, 2018.

19. In total, the Plaintiff Sabato Fiano received letters from the Defendant on or about October 5, 2017, November 7, 2017, December 9, 2017, January 11, 2018, February 9, 2018, March 12, 2018 and April 11, 2018.  All such letters were directed to a non-existent debtor, "SABATO P OR FIANO."

20. On or about May 10, 2018, Defendant began directing communications concerning the same alleged debt to a different alleged, non-existent debtor, "PELLEGRINO & FIANO."

21. The Plaintiff Pellegrino Fiano received letters from the Defendant on or about May 10, 2018, June 8, 2018, August 4, 2018 and September 13, 2018.  All such letters were directed to a non-existent debtor, "PELLEGRINO & FIANO."

22. The Plaintiff Pellegrino Fiano received letters from the Defendant demanding payment from "PELLEGRINO & FIANO" for the following alleged amounts: (i.) $314.88, (ii.) $319.12, (iii.) $325.46, and (iv.) $328.63.

23. Each of these letters demanding payment from "PELLEGRINO & FIANO" demanded amounts purportedly due from "SABATO P OR FIANO" for the personal property taxes related to the 2003 Chevy Avalanche, a vehicle which Plaintiff Pellegrino Fiano never owned, registered or had any connection with.

24. At all relevant times, the Defendant was attempting to falsely and deceptively mislead and threaten Plaintiff Pellegrino Fiano into paying amounts allegedly owed by "SABATO P OR FIANO" for the personal property taxes related to the 2003 Chevy Avalanche.

25. Upon information and belief, at all relevant times, the Defendant was attempting to falsely and deceptively mislead and threaten Plaintiff Pellegrino Fiano into paying amounts allegedly owed by "SABATO P OR FIANO" for the personal property taxes related to the 2003 Chevy Avalanche because Defendant had never provided Plaintiff Sabato Fiano the notifications he was entitled to under 15 U.S.C. 1692g.

26. Upon information and belief, at all relevant times, the Defendant was attempting to falsely and deceptively mislead and threaten Plaintiff Pellegrino Fiano into paying amounts allegedly owed by "SABATO P OR FIANO" for the personal property taxes related to the 2003 Chevy Avalanche because Defendant had no documentation that Plaintiff Sabato Fiano owed any such debt.

27. Upon information and belief, at all relevant times, the Defendant was attempting to falsely and deceptively mislead and threaten Plaintiff Pellegrino Fiano into paying amounts allegedly owed by "SABATO P OR FIANO" for the personal property taxes related to the 2003 Chevy Avalanche because Defendant had never received any response from the Plaintiff Sabato Fiano regarding any such debt.

## COUNT I

**Violation Of § 1692g of The FDCPA as to Plaintiff Sabato P. Fiano**

28. Plaintiffs repeat and reallege paragraphs 1 through 27 as if fully restated herein.

29. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

30. Among such requirements is that the debt collector provide (i.) a statement that unless the consumer, within thirty days after receipt of the letter, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (ii.) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (ii) a statement that, upon the consumer's written request within

the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. The Defendant violated 15 U.S.C. § 1692g by failing to provide any of the aforesaid notices and/or statements in its initial letter directed to SABATO P OR FIANO, or within five days after such letter.

## COUNT II

### Violation Of § 1692e of The FDCPA as to Plaintiff Sabato P. Fiano

32. Plaintiffs repeat and reallege paragraphs 1 through 31 as if fully restated herein.

33. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from using any false, deceptive or misleading representation of the character, amount, or legal status of any debt.

34. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

35. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

36. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. At all relevant times, Defendant knew or should have known that Plaintiff Sabato Fiano had no obligation or responsibility for personal property taxes related to a 2003 Chevy Avalanche.

38. Defendant violated 15 U.S.C. § 1692e in attempting to collect a debt from the Plaintiff Sabato Fiano as aforesaid.

## COUNT III

### Violation Of § 1692e of The FDCPA as to Plaintiff Pellegrino Fiano

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as if fully restated herein.

40. The letters sent by the Defendant to Plaintiff Pellegrino Fiano must be assessed under the objective standard of whether the "least sophisticated consumer" would be confused and misled as to the amount owed by the alleged debtor to whom the letter was directed.

41. At all relevant times, Defendant conveyed information to Plaintiff Pellegrino Fiano in a confusing, misleading and contradictory fashion so as to create confusion as to the amount that was allegedly owed by the Plaintiff Pellegrino Fiano.

42. Specifically, at all relevant times, the Defendant was attempting to falsely and deceptively mislead and threaten Plaintiff Pellegrino Fiano into paying amounts allegedly owed by "SABATO P OR FIANO" for the personal property taxes related to the 2003 Chevy Avalanche.

43. Defendant violated 15 U.S.C. § 1692e in attempting to collect a debt from the Plaintiff Pellegrino Fiano as aforesaid.

## COUNT IV

**Violation Of § 1692e of The FDCPA as to Plaintiff Pellegrino Fiano**

44. Plaintiffs repeat and reallege paragraphs 1 through 43 as if fully restated herein.

45. At all relevant times, Defendant knew or should have known that Plaintiff Pellegrino Fiano had no obligation or responsibility for personal property taxes related to a 2003 Chevy Avalanche.

46. Defendant violated 15 U.S.C. § 1692e in attempting to collect a debt from the Plaintiff Pellegrino Fiano as aforesaid.

## CLASS ALLEGATIONS

47. Plaintiffs repeat and realleges paragraphs 1 through 46 as if fully restated herein

48. Plaintiffs bring this action in their individual capacities and as a class action on behalf of all persons similarly situated and residing in the State of Connecticut, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for past due municipal taxes via the same form

collection letter sent to "SABATO P OR FIANO" dated October 5, 2017, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

49. Plaintiffs bring this action in their individual capacity and as a class action on behalf of all persons similarly situated and residing in the State of Connecticut, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for past due municipal taxes via the same form collection letter sent to "PELLEGRINO & FIANO" dated May 10, 2018, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

50. Defendant regularly engages in debt collection, using the same form collection letters that it sent to the Plaintiffs in its attempts to collect delinquent consumer debts from other persons.

51. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letters it sent to Plaintiffs.

52. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

53. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or

substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

54. The Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs are represented by counsel experienced in actions brought under the FDCPA.

## **PRAYER FOR RELIEF**

Plaintiffs, Sabato P. Fiano and Pellegrino Fiano, individually and on behalf of all others similarly situated, pray that this Court:

1. Certify this action as a class action;

2. Appoint Sabato P. Fiano and Pellegrino Fiano as Class Representatives of the Class, and their attorneys as Class Counsel;

3. Find that Defendant's form collection letters violate the FDCPA; and

4. Enter judgment in favor of Plaintiffs and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

5. Grant such further relief as deemed just, in law or equity.

## **JURY DEMAND**

Plaintiffs, individually and on behalf of all others similarly situated, demand trial by jury.

>THE PLAINTIFFS,
>SABATO P. FIANO and
>PELLEGRINO FIANO
>
>/s/ ct18879_____
>Sabato P. Fiano (ct18879)
>Zeldes, Needle & Cooper, PC
>1000 Lafayette Boulevard
>Bridgeport, CT 06604
>Tele: (203) 332-5791
>Fax: (203) 333-1489
>sfiano@znclaw.com
>Attorney for Plaintiffs